IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







WR-65,537-01






Ex parte DAVID GARZA, Applicant






On Applications for Writs of Habeas Corpus and Prohibition from


Bexar County






 Statement of Womack, J., respecting the denial of motions for temporary relief
and for leave to file petition for writs of habeas corpus and prohibition.



 The petition for writs of habeas corpus and prohibition asks the Court to overrule State ex
rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Cr. App. 1990), (1) and to "affirm that trial courts do
have authority to disqualify prosecutors." (2) As I read Eidson, it did not hold that a district court
lacked authority to disqualify prosecutors.

 The reading of Eidson is made difficult by this Court's failure to specify whether any
opinion represented the view of the Court. (Since 1997 we have instituted internal procedures to
identify clearly whether an opinion is for the Court or otherwise.) (3)

 There were three opinions in Eidson. The first one said, "We hold that the trial judge
erred in entering this order" that disqualified a district attorney and his staff from prosecuting
certain cases. (4) That opinion was joined by four Members of the Court. Its reasoning was that the
district court's disqualification of the district attorney from those cases "for all practical purposes
removed [him] from his constitutionally protected office," (5) and that a district court lacked
general authority to remove a district attorney from office except for the causes, and by the
procedures, in the Local Government Code. (6)

 The second opinion also was joined by four Members of the Court. It "agree[d] with the
ultimate conclusion" of the first opinion, but it said that the reasoning of that opinion was
"premised on [a] fundamental misconception" because "[r]emoving a District Attorney's Office
from a particular case  is clearly distinct from an attempt to remove an official from his or her
elected office" through the Local Government Code. (7)

 The third opinion was that of a single judge, whose view was that the district court had
the authority to remove the district attorney and his staff, and had correctly used it. (8)

 Therefore, it seems to me, the majority of the Court in Eidson was of the opinion that the
district court had the authority to remove the district attorney for grounds other than those in the
Local Government Code. Accordingly, I see no reason to overrule Eidson.

 I agree with the decisions of the Court to deny Garza's motion for temporary relief and to
deny leave to file the petition for writs of habeas corpus and prohibition, which I think is correct
for reasons that have nothing to do with Eidson. 


Filed August 30, 2006.

Do Not Publish.
1. Pet. at 16.
2. Id. at 17.
3. See Ex parte Smith, 977 S.W.2d 610, 611 n.4 (Tex. Cr. App. 1998) .
4. Eidson, 795 S.W.2d, at 7 (opinion of White, J., in which McCormick, P.J., and Davis and Campbell, JJ.,
joined).
5. Ibid.
6. Id., at 5.
7. Id., at 7 (opinion of Berchelmann, J., in which Clinton, Miller, and Sturns, JJ., joined).
8. Id., at 7 (opinion of Teague, J.).